UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WAYNE CORBIN,

    Plaintiff,

v.      CAUSE NO. 3:21-CV-267 DRL-MGG

SAINT JOE CO. JAIL,

    Defendant.

OPINION AND ORDER

David Wayne Corbin, a prisoner without a lawyer, filed a complaint (ECF 4) against St. Joseph County Jail and its nurses and guards because he isn't satisfied with his medical care following a fall. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In the complaint, Mr. Corbin alleges that on February 12, 2021, guards woke him up and told him to hurry because he had a lawyer visit. A nearby toilet flooded his cell, and he slipped and hit his head. He passed out and his head was bleeding, so the guards took him to the medical department. He was provided with a bandage. The next day, he saw the doctor who thought his wound should have been stitched. Also, Mr. Corbin kept

blacking out, so he was sent to the hospital where an MRI was performed. He still has neck and back pain; and so far, his requests to see the doctor again have not been granted.

Mr. Corbin has named the jail as a defendant, but he cannot sue the jail. It is a building, not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The only other defendants are unnamed nurses and guards. He cannot sue unnamed members of the jail's staff. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff").

Though Mr. Corbin's current complaint doesn't state a claim, he will be granted an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If Mr. Corbin decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to David Wayne Corbin;

(2) GRANTS David Wayne Corbin until **June 7, 2021**, to file an amended complaint; and

(3) CAUTIONS David Wayne Corbin that, if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 5, 2021                                         *s/ Damon R. Leichty*
                                                    Judge, United States District Court