UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WAYNE CORBIN,

  Plaintiff,

v.              CAUSE NO. 3:21-CV-267 DRL-MGG

SAINT JOE CO. JAIL,

  Defendant.

## OPINION AND ORDER

David Wayne Corbin, a prisoner without a lawyer, filed an amended complaint. ECF 7. It alleges essentially the same facts as his last complaint. ECF 4. However, instead of suing the "Saint Joe Co. Jail" and unnamed nurses and guards of the jail, he has sued the Saint Joseph County Police. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Mr. Corbin alleges that on February 12, 2021, a guard employed as a deputy for the Saint Joseph County Police Department woke him up and told him to hurry. A nearby toilet flooded his cell and, as he jumped up from a heavy sleep, he slipped and hit his head. He passed out and his head was bleeding, so the guards

took him to the medical department. He was provided with a bandage. The next day, he saw the doctor who thought his wound should have been stitched. Also, Mr. Corbin kept blacking out, so he was sent to the hospital where an MRI was performed. He still has neck and back pain from the fall.

Mr. Corbin has named only the Saint Joseph County Police as a defendant. It is unclear if he is attempting to sue the guard that woke him or the police department. However, as already explained to Mr. Corbin, he cannot sue an unnamed staff member. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Furthermore, Mr. Corbin's only allegation against the guard is that he told him to hurry and that, when he responded to that request, he fell and injured himself. Even if he had sued the guard by name, this allegation does not state a claim.

To the extent that Mr. Corbin intended to sue the Saint Joseph County Police Department, he cannot proceed because it is not a suable entity. It is a department within Saint Joseph County, not a person or a policymaking body that can be sued for constitutional violations. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Department*, 636 F.3d 293, 300 (7th Cir. 2011). Even if Mr. Corbin had sued Saint Joseph County, which is a suable entity, he could not proceed because the facts do not suggest any basis for holding the county liable here.

It is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th

Cir. 2013). However, that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here, where Mr. Corbin has already been granted one opportunity to amend, his amended complaint alleges essentially the same facts, and it again fails to state a claim.

Therefore, the case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

June 18, 2021
*s/ Damon R. Leichty*
Judge, United States District Court